# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 6, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SCOTT A. COLLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1529** (BOR Appeal No. 2047385)
                         (Claim No. 2005202841)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Scott A. Collins, by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 3, 2012, in which the Board affirmed a June 8, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 2, 2011, decision which denied a request for a permanent partial disability evaluation because the claim was time-barred for permanent partial disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, a coal miner, was injured in the course of his employment when he tripped on a tube and fell on March 7, 2005. The claims administrator closed the claim for temporary total disability benefits on July 12, 2005. In its Order, the claims administrator stated that in order to reopen the claim Mr. Collins must submit a written request and provide evidence showing a progression or aggravation of the compensable injury. It also stated that any request to reopen the claim for temporary total disability benefits or a permanent partial disability award must be made within five years. On November 11, 2011, Mr. Collins's counsel requested a permanent partial disability evaluation. The claims administrator denied the request on

1

December 2, 2011, on the grounds that it had been more than five years from the date the claim was closed, and the claim was therefore time-barred for permanent partial disability benefits.

The Office of Judges affirmed the claims administrator's decision in its June 8, 2012, Order. It found that the claim was closed by a claims administrator's decision dated July 12, 2005, and that decision expressly gave Mr. Collins notice that any request to reopen the claim for either temporary total disability benefits or a permanent partial disability award must be made within five years. Mr. Collins failed to request a reopening of the claim until November 30, 2011, more than six years after the claim was closed. The Office of Judges found that Mr. Collins's counsel asserts that her letter dated March 26, 2004, should protect Mr. Collins's rights to a permanent partial disability evaluation in this claim. In that letter, she requested the claims administrator to rate Mr. Collins for permanent partial disability in any claim to which he would be jurisdictionally entitled. The Office of Judges determined that it would be illogical to hold that a letter sent in regards to a prior claim would apply to an injury that occurred a year after the letter was sent. Also, to interpret the law this way would create an unreasonable burden on the claims administrator.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 3, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The claims administrator informed Mr. Collins of the five year statute of limitations for reopening his claim, and he did not request a permanent partial disability evaluation until after that time frame expired.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2